CASE 93—PETITION EQUITY—OCTOBER 25.

# Wood, &c., v. Pitman Coal Company.

APPEAL FROM LAUREL COURT OF COMMON PLEAS.

1. PURCHASER WITHOUT NOTICE OF EQUITY.—Where a purchaser at judicial sale of the land of a decedent afterwards conveyed the land to one of the heirs of the decedent, who had also been the administrator, reciting in the deed that the sole object of the grantor's purchase was to secure certain claims against the decedent, and also against the grantee, and that it had always been agreed and understood that he was to convey the land to the grantee when these claims were secured, and that all said claims had been paid except a certain sum for which he retained a lien, these recitals were not sufficient to give notice to a subsequent purchaser that the grantee held the land in trust for the other heirs, or to put him on inquiry, and, therefore, such a purchaser for a valuable consideration is unaffected by the equity of the other heirs, even if any existed, as against the grantee in the deed.

2. PURCHASE AT JUDICIAL SALE IN TRUST FOR HEIRS—LIMITATION — The grantor at the date of his deed was under no legal obligation to convey the land to the grantee, or to any other person, as more than nineteen years had elapsed from the date of his purchase, and more than seventeen years from the date of the commissioner's deed.

W. O. BRADLEY FOR APPELLANTS.

1. The denials of the answer are evasive, and, therefore, the allegations of the petition are to be taken as true. (Newman's Pleading and Practice, top page 514; Haggard v. Hayes' Adm'r. 13 B. M., 175; Baum v. Winston, 3 Met., 123; Taylor, Jr., v. Farmer, 81 Ky., 460; Preston

Wood, &c., v. Pitman Coal Company.

v. Roberts, &c., 12 Bush, 581; Lewis v. Stafford, 4 Bibb, 319; Pierson v. Meaux, 3 Mar., 6; Price v. Boswell, 3 B. M., 17; Lewis v. Outten, 3 B. M., 459.)

2. The possession of one joint tenant is the possession of all, and the possession of one of the heirs of John Wood inured to the benefit of, and was the possession of, all the heirs. (Coleman v. Hutchenson, 3 Bibb, 210; Moss v. Currie, 1 Dana, 267; Taylor v. Cox, 2 B. M., 434; Young v. Adams, 14 B. M., 129; Scott's Ex. v. Scott, 9 Ky. Law Rep., 363.)

3. The deeds on their faces constituted both actual and constructive notice. A purchaser under a patent is bound to take notice of a prior title to which reference is made in the patent. (Burkhart v. Bucher, 4 Am. Dec., 457.)

A reference in a deed to a will is notice to the grantee of the trusts contained in it. (Graff v. Castleman, 16 Am. Dec., 741.)

Purchaser is bound by the recital of all facts contained in any conveyance affecting the title thereto as if he had actual notice thereof. (Reeder v. Barr, 22 Am. Dec., 762; Willis v. Gay, 26 Am. Rep., 328.)

Whatever is sufficient to make it the duty of one to inquire as to the rights of others is legal and actual notice of those rights. (Tuttle v. Jackson, 21 Am. Dec., 21; Lodge v. Simonton, 23 Am. Dec., 36; Hall, &c., v. Smith, 14 Bush, 605; Knapp v. Bailey, 1 Am. St. Rep., 295.)

4. To constitute one an innocent purchaser, he must have paid his money, and received his conveyance, before notice of a prior equity. (Jewett v. Palmer, 11 Am. Dec., 401; Blight's Heirs v. Banks, 6 Mon., 192; Jackson v. McChesny. 17 Am. Dec., 521; Doswell v. Buchanan, 23 Am. Dec., 280.; Grimstone v. Carter, 24 Am. Dec., 230; Gallion v. McCaslin, 12 Am. Dec., 208; Nantz v. McPherson, 7 Mon., 597.)

5. Possession of a party whose rights are involved in a purchase is sufficient to put a purchaser on inquiry into their nature, and upon failing to make such inquiry the purchaser is in equity visited with all the consequences of a knowledge of the possessor's title. (Hardy v. Summer, 32 Am. Dec., 167; Baynard v. Norris, 46 Am. Dec., 647.)

6. A. M. Wood was not only joint tenant, but also administrator, and thus he stood in a two-fold confidential relation to the estate. Hence, his purchase was in trust, and time can not sanctify his wrong. (Michand v. Girod, 4 How., 552; Hamlin v. Warnecke, 31 Tex., 94; Miles v. Wheeler, 43 Ill., 123; Grider v. Payne, 9 Dana, 190; 1 Perry on Trusts, sec. 224.)

7. In construing a deed the intention of the parties as it appears from the whole deed must control. (Ballard v. L. & N. R. Co., 9 Ky. Law Rep., 523.)

H. C. EVERSOLE, W. L. BROWN OF COUNSEL ON SAME SIDE.

ALCORN & CRAFT FOR APPELLEE.

1. Plaintiffs can not establish an express trust by parol. They must prove it by some writing.

 The writing relied on instead of proving a trust is a positive contradiction of such a claim. (Perry on Trusts, secs. 75, 79; Childs v. Woodson, 2 Bibb, 72; Parker v. Bodley, 4 Bibb, 102.)

2. Even if Jackson did hold as trustee for John Wood's estate, plaintiff's claim could not avail against the title of Givens, who is entitled to protection as an innocent purchaser. (Moore v. Dodd, 1 Mar., 143.)

3. Plaintiffs are estopped by their silence and acquiescence. (Herman on Estoppel, pp. 419–421.)

JUDGE LEWIS DELIVERED THE. OPINION OF THE COURT.

In virtue of his purchase at the judicial sale in 1848 in an action of Oldham's Administrator v. Administrator and Heirs of John Wood, and commissioner's deed to him in 1850, Jarvis Jackson acquired absolute title to the two tracts of two hundred and ninety-one and six hundred and fifty-two acres belonging to John Wood at his death, and exercised unquestioned acts of ownership over both, having sold, previous to 1867, all of the first-named tract, and all of the other but three hundred and fifty acres, which he then conveyed to Allison M. Wood. It thus results that whatever equitable right either A. M. Wood or appellants, the other children and heirs-at-law of John Wood, acquired to the three hundred and fifty acres now in dispute was voluntarily conveyed by Jarvis Jackson, and the only evidence the land was conveyed to A. M. Wood, or was held by him in trust for appellants, is afforded by the deed of 1867; for though John Wood, Jr., erected a building on the three hundred and fifty acres, and resided there for some time, he voluntarily abandoned the possession previous to May, 1877, when A. M. Wood conveyed the land to G. W. Givens, under whom appellees hold and claim.

As Givens was purchaser for a valuable considera-- tion, the only question in this case necessary to con- sider, is whether recitals in the deed from Jackson to A. M. Wood are of such character as to afford to him notice of the claim to the land now set up by appel- lants.

It is recited in that deed substantially that the two tracts of land were, as before-mentioned, purchased by Jackson in 1848; that he (Jackson) bid therefor on claims of Oldham's administrator and others, and that all he desired by the purchase was to secure the claims against said land and certain unsettled claims he held against John Wood, deceased, and also against said A. M. Wood, and other charges, fees and costs growing out of said suit, also against the said A. M. Wood. It is then recited that he had sold the two hundred and ninety-one acre tract and three hundred acres of the other tract, and there was still due him of said claims about eight hundred dollars, the pre- cise amount, however, being unknown ; and then this. language occurs : "And whereas, it has always been understood and agreed between the parties hereto that when said Jackson was secured in all said sums he was to convey said land to said A. M. Wood, or so much of same as had not been previously disposed of; and whereas, said A. M. Wood claims said conveyance of that part of said land undisposed of * * allowing said Jackson to retain a lien thereon for the purpose of securing him payment of the different amounts re- ferred to, but as they are unknown, it is agreed the lien shall be for eight hundred dollars."

It becomes manifest upon examining the deed that

at its date Jackson was not legally bound to convey the land to A. M. Wood or any other person, but might then, which was seventeen years after date of commissioner's deed and nineteen years after his purchase, have held or sold it to a stranger without any question of his right to do either. It further appears that he was never under either a legal or moral obligation to make the conveyance to any other person than A. M. Wood, nor for any other purpose than his individual use.

It seems to us that as there was nothing in that deed to give notice to or even put Givens on inquiry as to the equitable claim of appellants, he must be treated as a purchaser for a valuable consideration without notice, and, therefore, unaffected by the equity of appellants, even if it had existed as against A. M. Wood. It is true he was administrator of John Wood, his father, but the settlement of his accounts shows he owed the estate nothing. It further appears the deed from Jackson to him, though made in 1867, was not recorded until 1877, just before the deed from him to Givens. But that fact does not show, as suggested by counsel, any fraud, nor invalidate the title of Givens, and much less does it strengthen the claim of appellants, for then twenty-seven years had elapsed without any assertion of right by them, which was prolonged to thirty-six years before they commenced this action.

There are other reasons which might be given for sustaining the judgment of the lower court dismissing the action, but what has been said is enough to authorize this court to do so, and, therefore, the judgment is affirmed.